IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-873-KDB-DCK

| | | |
|---|---|---|
| **A.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **<u>ORDER</u>** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAGMOHAN SINGH AND KATHLEEN SINGH, LLC, d/b/a Greenleafe Inn,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Darrin D. Jordan's "Motion To Quash Subpoena" (Document No. 16) filed May 26, 2026. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

**BACKGROUND**

Plaintiff A.A. initiated this action with the filing of a "Complaint" (Document No. 1) on October 29, 2025. Plaintiff then filed an "Amended Complaint" (Document No. 24) on August 13, 2026. The Amended Complaint asserts claims against Defendant Jagmohan Singh and Kathleen Singh, LLC, d/b/a Greenleafe Inn, related to alleged sex trafficking. The causes of action include: (1) Violation Of 18 U.S.C. § 1595, Trafficking Victims Protections Reauthorization Act ("TVPRA"); (2) Violation Of 18 U.S.C. §2255, Child Abuse Victims Rights Act, ("CAVRA"); and (3) Negligence, Gross Negligence, And Recklessness. (Document No. 24).

By the pending "Motion To Quash Subpoena" (Document No. 16) filed on May 26, 2026, attorney Darrin D. Jordan ("Jordan") seeks an Order "quashing a subpoena served on him by Plaintiff's attorneys seeking '[t]he discovery file and any and all non-attorney work product

documents relating to the representation of Dajuan Akeem Blair.'" Jordan was appointed to represent Dajuan Akeem Blair before this Court in United States v. Dajuan Akeem Blair, 3:20-CR-363-MOC-DCK (W.D.N.C. 2020) (the "Criminal Action") on November 19, 2020. (Document No. 16, p. 1).

"Plaintiff's Response In Opposition To Third-Party Motion To Quash Subpoena" (Document No. 17) was filed on June 9, 2026; and Jordan's "Reply To Plaintiff's Response To Motion To Quash Subpoena" (Document No. 23) was filed on August 12, 2026. The pending motion is now ripe for review and disposition.

**DISCUSSION**

Movant Darrin Jordan asserts "a good faith belief that compliance with the requests made in the subpoena issued in this matter on April 23rd, 2026 (See attached exhibit B), would put him in violation of the 'Standard Discovery Order' and therefore seeks to quash the requirements of the subpoena or in the alternative for the Court to provide guidance on what can be produced without violating the Orders of the Court." (Document No. 16, p. 2) (citing Document Nos. 16-1 and 16-2).

Jordan notes that the "Standard Criminal Discovery Order" issued in the underlying Criminal Action provides in pertinent part"

> 21. Any discovery material, including but not limited to, statements and summaries of interviews of witnesses made available for review by the prosecution to the defense, **shall not be used by the defendant or his attorney for any purpose other than in direct relationship to the case and no further disclosure shall be made of these items**.

(Document No. 16, p. 2) (quoting Document No. 16-1, p. 4) (emphasis in original document).

In addition, Jordan contends that

> In the "Discovery Letter" which follows production of discovery in the Western District of North Carolina, the U.S. Attorney includes the following warning with regards to violation of the "Standard Discovery Order":
>
>> "**The United States reserves the right to seek court sanctions for any violation of the Standard Criminal Discovery Order**. In addition, the United States reserves the right to elect not to follow its Expanded Discovery Policy with respect to any defense counsel if such counsel (or member(s) of his/her firm) violates, in the United States' sole discretion, the provisions of the Standard Criminal Discovery Order."

(Document No. 16, p. 2) (emphasis added).

In response, Plaintiff argues that the requested materials relate "to the criminal prosecution of Dajuan Akeem Blair, an individual alleged to have trafficked Plaintiff at Defendant's hotel" and are "highly relevant." (Document No. 17, p. 1). Plaintiff notes that Jordan "does not assert attorney-client privilege, work-product protection, or any other recognized evidentiary privilege," but instead the motion to quash is based on "concerns arising from the Standard Criminal Discovery Order." (Document No. 17, p. 2).

Plaintiff suggests that Jordan's concerns could be "fully addressed through a protective order"; however, Plaintiff fails to identify any part of the Standard Criminal Discovery Order that provides for such an exception and fails to identify any caselaw or other legal authority supporting such a resolution. (Document No. 17). Moreover, despite Jordan's concerns that complying with Plaintiff's Subpoena would violate the Standard Criminal Discovery Order and that such a violation could lead to the U.S. Attorney for the Western District of North Carolina seeking sanctions, neither Plaintiff, nor Jordan, indicate any consultation with the U.S. Attorney's Office.

In reply, Jordan re-asserts the argument that "any disclosures to Plaintiff's counsel or to the Plaintiff would be in direct violation of the 'Standard Criminal Discovery Order' that appears

to be still applicable in the Western District of North Carolina, and the possibility, although probably remote, of the Government seeking sanctions for violating the order." (Document No. 23, p. 2).

The undersigned is persuaded that Plaintiff's Subpoena (Document No. 16-2) should be quashed because, at minimum, it demands the production of "other protected matter" pursuant to the underlying Standard Criminal Discovery Order (Document No. 16-1).[1] See Fed.R.Civ.P. 45(d)(3)(A)(iii-iv). In addition, the undersigned finds that the demand for production of the criminal "discovery file and any and all non-attorney work product documents relating to the representation of Dajuan Akeem Blair" is likely overly-broad and would create an undue burden on Jordan, especially under circumstances that create a risk of the U.S. Attorney seeking sanctions against Jordan.

The undersigned acknowledges that the discovery file in the related Criminal Action likely includes information that is relevant to the claims in this civil case. However, such file may also include significant information that is not relevant to this case – including information about other parties and/or victims, that should be protected.

Plaintiff is respectfully encouraged to consider whether a narrowly-tailored request relating to the Parties in this action, that is submitted to the U.S. Attorney's Office, may be more appropriate and relieve Movant Darrin Jordan of an undue burden that includes a risk of sanctions.

**IT IS, THEREFORE, ORDERED** that Movant Darrin D. Jordan's "Motion To Quash Subpoena" (Document No. 16) is **GRANTED**.

---

[1] The Subpoena (Document No. 16-2) is signed by Nathaniel L. Foote, who, to date, has not filed an appearance in this action.

**SO ORDERED**.

Signed: November 4, 2026

David C. Keesler
United States Magistrate Judge